**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| POLYCOM, INC.,         ) | |
|         ) | Civil Action No. 4:11cv1018 |
|         Plaintiff,         ) | |
|         ) | |
| vs.         ) | |
|         ) | JURY TRIAL |
| D&S COMMUNICATIONS, INC. and         ) | |
| DYNAMIC VOICE DATA, INC.,         ) | |
|         ) | |
|         Defendants.         ) | |

## ORDER

In this cause, having come before the Court the joint motion of plaintiff Polycom, Inc. and co-defendant Dynamic Voice Data, Inc. ("DVD") for entry of agreed partial judgment, the Court finds as follows:

### FINDINGS OF FACT

1.      Polycom has registered the word mark POLYCOM, U.S. Reg. Nos. 1,783,295 and 3,020,685, for selected communications goods and services as listed in those registrations. These registrations are valid and subsisting, and Polycom's right to use these marks is now incontestable.   Pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b), the registrations are conclusive evidence of the validity of the registered mark, Polycom's ownership of the mark, and Polycom's exclusive right to use the mark in commerce on or in connection with the goods and services recited in the registrations, subject to limited defenses set forth in Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b).

2.      Polycom has also registered the Polycom Triangles Logo in color and in black and white for various goods and services, U.S. Reg. Nos. 1,794,159; 3,020,708; and 3,767,458,

1

and the word mark POLYCOM combined with the Polycom Triangles Logo for various goods and services, Reg. Nos. 1,784,786 and 1,912,272. These registrations are valid and subsisting. Polycom's right to use the marks of U.S. Reg. Nos. 1,794,159; 3,020,708; 1,784,786 and 1,912,272 is now incontestable. Pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b), those four registrations are conclusive evidence of the validity of the registered marks, Polycom's ownership of the marks, and Polycom's exclusive right to use the marks in commerce on or in connection with the goods and services recited in the registrations, Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b). For U.S. Reg. No. 3,767,458, pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. §1115(a), the registration is prima facie evidence of the validity of the mark, Polycom's ownership of the mark, and Polycom's exclusive right to use the mark in commerce on or in connection with the goods and services recited in the registration.

3.      The mark SPECTRALINK has been registered for telephones and other goods listed in the registrations, U.S. Reg. Nos. 2,994,870 and 1,851,886. The mark SPECTRALINK has also been registered in connection with two distinctive designs for telephones and other listed goods, U.S. Reg. Nos. 3,164,995 and 3,164,996.  U.S. Reg. Nos. 2,994,870 and 1,851,886 are valid and subsisting and Polycom's right to use these marks is now incontestable. Pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b), those two registrations are conclusive evidence of the validity of the registered mark, Polycom's ownership of the mark, and Polycom's exclusive right to use the mark in commerce on or in connection with the goods recited in the registrations, Section 33(b) of the Lanham Act, 15 U.S.C. §1115(b). U.S. Reg. Nos. 2,994,870 and 1,851,886 are valid and subsisting. Pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. §1115(a), these registrations are prima facie evidence of the validity of the marks shown, Polycom's ownership of the marks, and Polycom's exclusive right to use the marks in commerce on or in connection with the goods  recited in the registrations.  All of the trademarks and services marks referenced above are hereinafter referred to as the "Polycom Marks."

4.      Polycom has extensively used and promoted the Polycom Marks for voice, telepresence, and wireless solution products, including on the LTB100 and the PTB410 model

phones offered by Polycom.

5.      Co-Defendant DVD is engaged in the business of providing components, subcomponents, and replacement parts for various brand name telecommunications and data equipment, including Polycom.

6.      At no time has Polycom given DVD license, permission, or authority to use or reproduce the Polycom Marks on DVD's products or DVD's websites in conjunction with offered products or services.

7.      DVD has offered to sell and sold in commerce components, subcomponents, and replacement parts for teleconferencing products (including at least replacement parts for the LTB100 and the PTB410 model phones offered by Polycom) that incorporate reproductions of one or more of the Polycom Marks.

8.      As recently as March 17, 2011, DVD made unauthorized use of Polycom Marks including, but not limited to the marks that are the subject of U.S. Reg. Nos.: 3,020,685, 1,783,295,     and     2,994,870     via     its     webpage     located     at:     http://www.dvd-inc.com/goods.php?phone=PTB%20410.

9.      As recently as March 17, 2011, DVD made unauthorized use of Polycom Marks including, but not limited to the marks that are the subject of U.S. Reg. Nos.: 3,020,685, 1,783,295,     and     2,994,870     via     its     webpage     located     at:     http://www.dvd-inc.com/goods.php?phone=6020.

10.     The particular use by DVD of the Polycom Marks on the replacement parts, components, and subcomponents at issue without authorization is likely to cause confusion of consumers as to a possible association with, connection with, or approval by Polycom of the products or services offered DVD when no authorized association, connection or approval exists.

3

## CONCLUSIONS OF LAW

1.       This court has jurisdiction by virtue of the facts that this is a civil action: (i) under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, jurisdiction expressly being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (ii) in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds fifty thousand dollars ($50,000) exclusive of interest and costs, jurisdiction expressly being conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338 (b).

2.       Polycom and DVD have entered into a confidential Settlement Agreement, which has been filed under seal.  The terms of the Settlement Agreement are hereby made a part of and incorporated into this Order.  Further, concurrently herewith, the Court is also, with the agreement of Polycom and DVD, entering an Agreed Partial Judgment.

3.       The unauthorized use in commerce of confusingly similar versions of the Polycom Marks by co-Defendant DVD on the particular components, subcomponents, and replacement parts at issue constitutes trademark infringement under 15 U.S.C. § 1114(1).

4.       The unauthorized use in commerce of confusingly similar versions of the Polycom Marks by co-Defendant DVD on the components, subcomponents, and replacement parts at issue constitutes trademark infringement under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and the common law of the state of Texas.

SIGNED this _____ day of _____, 2011.

By: _____
HON. NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE